UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| AARON FLOYD, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 3:20-cv-00073-GFVT-EBA |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| BUFFALO TRACE DISTILLERY, INC., | ) | **&** |
| | ) | **ORDER** |
| Defendant. | ) | |
| | ) | |

*** *** *** ***

This matter is before the Court on Defendant Buffalo Trace Distillery, Inc.'s Motion to

Dismiss.  [R. 13.]  On April 13, 2020, Plaintiff Aaron Floyd was terminated from his

employment with Buffalo Trace.  [R. 1 at 3.]  Mr. Floyd alleges that his termination was because

of his race in violation of the Civil Rights Act of 1964 and the Kentucky Civil Rights Act.  [R.

11 at 5-7.]  Because Mr. Floyd has failed to state a claim upon which relief can be granted,

Defendant Buffalo Trace's Motion to Dismiss [R. 13] is **GRANTED**.

**I**

Plaintiff Aaron Floyd began working for Buffalo Trace in June 2019.  [R. 10-1 at 2.]

Between December 2019 and March 2020, Mr. Floyd received multiple attendance warnings in

both oral and written form.  *Id.*  On March 23, 2020, Mr. Floyd informed Buffalo Trace that he

had potentially been exposed to COVID-19 and was granted medical leave under the Family

Medical Leave Act to quarantine between March 23 and April 6.  [R. 1 at 3.]  Mr. Floyd alleges

that, although he "was informed by Defendant that he would need a physicians' certification to

return to work," he was unable to obtain an appointment with a physician until April 8, 2020,

two days beyond his grant of leave. *Id.* Although Mr. Floyd claims that he contacted his human resources department about his inability to obtain an appointment before the expiration of his FMLA leave, Buffalo Trace terminated his employment on April 13, 2020 for failure "to communicate with the company from April 6, 2020 through April 10, 2020" and for accumulating three additional absences after his FMLA time expired. [R. 1 at 3-4.]

On November 12, 2020, Mr. Floyd filed his Complaint, alleging that Buffalo Trace's termination violated the FMLA, constituted retaliation in violation of the FMLA, was discriminatory based on race in violation of Title VII of the Civil Rights Act of 1964 and the Kentucky Civil Rights Act, and violated the Americans with Disabilities Act. [R. 1.] In opposition, Defendant filed a Motion to Dismiss. [R. 10.] Mr. Floyd then filed an Amended Complaint in which he removed all claims except his Title VII and KCRA claim.[1] [R. 11.] Now, Buffalo Trace has filed a second Motion to Dismiss for Failure to State a Claim, to which Mr. Floyd has responded in opposition. [R. 13; R. 15.]

**II**

Mr. Floyd's Amended Complaint contains only one claim: that his termination was because of his race in violation of both Title VII and the KCRA.[2] [R. 11 at 5-7.] In response, Buffalo Trace argues that Mr. Floyd's Complaint should be dismissed under Rule 12(b)(6). [R. 13-1 at 5-9.] A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of a plaintiff's

---

[1] After the filing of Plaintiff's Amended Complaint, the majority of Defendant's first Motion to Dismiss [R. 10] was rendered moot. The remaining argument regarding Plaintiff's Title VII and KCRA allegation was reiterated in Defendant's second Motion to Dismiss [R. 13.] Accordingly, Defendant's first Motion to Dismiss [R. 10] is **DENIED AS MOOT**.

[2] The Sixth Circuit has ruled "[b]ecause Ky. Rev. St. Chapter 344 mirrors Title VII of the Civil Rights Act of 1964, we use the federal standards for evaluation race discrimination claims." *Smith v. Leggett Wire Co.*, 220 F.3d 752, 758 (6th Cir. 2000). Because KCRA claims are analyzed using the same standard as Title VII, the Court will analyze both claims together.

complaint.  In reviewing a Rule 12(b)(6) motion, the Court "construe[s] the complaint in the light most favorable to the plaintiff, accept[s] its allegations as true, and draw[s] all inferences in favor of the plaintiff." *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).  The Court, however, "need not accept as true legal conclusions or unwarranted factual inference." *Id.* (quoting *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)).

The Supreme Court has explained that in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).  *See also Courie v. Alcoa Wheel & Forged Products*, 577 F.3d 625, 629 ( 6th Cir. 2009). Stated otherwise, it is not enough for a claim to be merely possible; it must also be "plausible." *See Courie*, 577 F.3d at 630. According to the Court, "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Moreover, under limited circumstances, a claim may be rendered plausible if a plaintiff pleads its "information and belief" with supporting facts.  *See Modern Holdings v. Corning Incorporated*, 2015 U.S. Dist. LEXIS 41134 at *12 (E.D. Ky. 2015) ("While pleading on information and belief cannot insulate a plaintiff at the 12(b)(6) stage, *Iqbal* did not render pleading on information entirely ineffectual." *E.g.*, *Arista Records, LLC v. Doe*, 604 F.3d 110, 120 (2d Cir. 2010) ("The Twombly plausibility standard, which applies to all civil actions, does not prevent a plaintiff from pleading facts alleged upon information and belief where the facts are peculiarly within the possession and control of the defendant . . .")).

In support of his claim that he was terminated because of his race, Mr. Floyd pled:

> [U]pon information and belief, Plaintiff asserts that similarly situated white co-
> workers were treated differently than himself as an African-American in the terms
> and conditions of his employment with Defendant. More specifically, upon
> information and belief, Plaintiff asserts that similarly situated white co-workers
> were allowed to return to work for Defendant after Defendant advised white co-
> workers with potential COVID-19 exposure to self-quarantine without requiring
> the white co-workers to provide a return to work statement from a physician and/or
> were not disciplined for absences related to time missed while seeking to obtain a
> physician's appointment to obtain a certificate to return to work if in fact such a
> request was made to Plaintiff's similarly situated white co-workers.

[R. 11 at 5-6.]  Buffalo Trace states that Mr. Floyd's Amended Complaint must be dismissed

because his argument is conclusory.  [R. 13-1 at 6.]  Put concisely, Buffalo Trace argues that Mr.

Floyd connects the "fact that he is African American" with an "assumption that his termination

must have been discriminatory" without providing factual support for the connection.  *See id.*  As

a result, Buffalo Trace argues that Mr. Floyd's allegation is conclusory in violation of the

*Twombly*/*Iqbal* standard and must be dismissed.  *Id.*  Additionally, Buffalo Trace argues that Mr.

Floyd's use of "information and belief" pleading fails to satisfy *Twombly*/*Iqbal* because no facts

were pled to support Mr. Floyd's allegation aside from his personal belief that his allegation is

true.  [R. 13-1 at 7-9.]

In his response, Mr. Floyd only discusses the sufficiency of his "information and belief"

pleading.  In support of its sufficiency, Mr. Floyd states that courts in the Sixth Circuit "have

consistently held that allegations based on information and belief are permissible post-*Twombly*

and *Iqbal* 'where the facts are peculiarly within the possession and control of the defendant, or

where the belief is based on factual information that makes the inference of culpability

plausible.'"  (citing *Moore v. Henderson Cty. Sheriff's Dep't*, 2014 U.S. Dist. LEXIS 59946 at

\*29 (W.D. Tenn. April 30, 2014)); *see also Starkey v. JP Morgan Chase Bank, NA,* 573 F. App'x

444, 447-48 (6th Cir. 2014).  Mr. Floyd then argues that the facts he pled were sufficient to

4

render his claim plausible because any potential supporting facts are in the some possession of Buffalo Trace.[3]  [*See* R. 15 at 4-7.]   Additionally, Mr. Floyd cites *Keys v. Humana, Inc.* in which the Sixth Circuit ruled that the *Twombly/Iqbal* decision does not require a plaintiff to plead a complete *McDonnell Douglas* prima facie case because "*McDonnell Douglas* is an evidentiary standard, not a pleading requirement."  684 F.3d 605, 609 (6th Cir. 2012) (quoting *Swierkiewicz v. Sorema*, 534 U.S. 506, 510 (2002)).  He then argues that, because he was not required to plead a complete prima facie case, his Complaint should not be dismissed.  [*See* R. 15 at 6-7.]

The Court agrees with Defendant.  Although "information and belief" pleading is a permissible pleading method, its use is typically limited to situations where "the facts are peculiarly within the possession and control of the defendant."  *Modern Holdings*, LEXIS 41134 at *12 (quoting *Arista Records, LLC v. Doe*, 604 F.3d 110, 120 (2d Cir. 2010)).  Moreover, even when a defendant is in possession and control of the facts, a plaintiff must plead supporting facts which render his claim plausible beyond just his personal belief that his claim his true. *See House v. Rexam Bev. Can Co.*, 630 Fed. Appx. 461, 463-64 (6th Cir. 2015) (affirming the district court's dismissal of plaintiff's age discrimination claim where plaintiff failed to allege facts in support of his assertion that he was fired because of his age); *Germain v. Teca Pharms., USA, Inc.*, 756 F.3d 917, 931 (6th Cir. 2014) ("[t]he mere fact that someone believes something to be true does not create a plausible inference that it is true."); *Modern Holdings*, LEXIS 41134 at *12 (finding the use of information and belief pleading appropriate when plaintiff pled

---

[3] Although not explicitly stated, the Court surmises that Plaintiff believes that any facts he could use to support his claim could only be found in employment records or emails from Buffalo Trace and could not have been attained through conversations or interviews with co-workers prior to the filing of his Complaint.

supporting facts which rendered its claim plausible.")

Here, Mr. Floyd alleges that, unlike how he was treated, his white co-workers were either not required to have a physician's note to return to work and/or were not disciplined for absences related to attaining a physician's note. [R. 11 at 5-6.] Because most information regarding the treatment of his co-workers is likely in the sole possession of Buffalo Trace, it is acceptable for Mr. Floyd to plead based on his "information and belief" of what occurred. Nonetheless, Sixth Circuit case law indicates that Mr. Floyd's pleading must be dismissed because he fails to allege any additional facts, beyond simply his belief, in support of his claim that he was fired because of his race. *See Germain v. Teca Pharms., USA, Inc*., 756 F.3d 917, 932 (6th Cir. 2014) (finding that a plaintiff's failure to update warnings claim to be "pure conjecture" because it was based solely on his beliefs). In his pleading, Mr. Floyd provides no facts to support his claim other than his belief that he was terminated because of his race. Though he pleads that his white co-workers were not required to attain a physician's note or were not disciplined in a similar manner, these "facts" were also pled "based on information and belief" and are therefore without strength at the pleading stage. Finally, though the Court agrees with Mr. Floyd that he is not required to plead a complete *McDonnell Douglas* prima facie case at this stage of litigation, his pleading must still render his claim plausible; because it fails to do so, his argument is meritless.

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. Defendant Buffalo Trace's Motion to Dismiss [**R. 13**] is **GRANTED**;

2. Plaintiff's Complaint is **DISMISSED** and this matter is **STRICKEN** from the Record;

3. Defendant Buffalo Trace's Motion to Dismiss [**R. 10**] is **DENIED AS MOOT**.

This the 22d day of March, 2021.

Gregory F. Van Tatenhove
United States District Judge